RAFAEL AMADEO GELY, Plaintiff and Appellant, v. SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellee.

No. R-68-269.     Decided June 15, 1970.

*Meléndez & Suárez* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellee.

PER CURIAM: The Secretary of the Treasury notified deficiencies to appellant taxpayer Amadeo Gely corresponding to the year 1962. The deficiency notified was grounded on the following facts:

By deed No. 17 of consolidation of properties, executed in Maunabo on March 30, 1962, before Notary Juan N. Torruella Casals, the taxpayer obtained title of ownership of a property of 76.5214 cuerdas located in Ward Emajagua of Maunabo, 1st entry of the property No. 1173, at folio 70 of volume 32 of Maunabo. This property of 76.5214 cuerdas was formed by the consolidation of four properties owned by the taxpayer of 49.62 cdas.; 7.8499 cdas.; 18.1273 cdas., and 1.09 cdas. In regard to this last estate of 1.09 cdas., it was set forth in the above-mentioned deed of consolidation that a concrete house with inner wood divisions, with two bedrooms, living room, dining room, and kitchen was erected thereon.

By deed of sale and mortgage No. 18, executed by the taxpayer before the same Notary and on the same date, March 30, 1962, the taxpayer sold to a third person the aforementioned property of 76.5214 cuerdas, for the amount of $68,870. The taxpayer's income tax returns for 1962 having been examined, the Secretary of the Treasury determined that the basic cost of the property sold (which is not challenged) was of $6,729.66 a capital gain having been realized, which was not challenged either, of $62,140.34. The Secretary granted $5,255.60 for expenses in the transaction for a net capital gain of $56,884.74. From this amount he exempted

75%, that is, $42,663.55 from taxes and fixed a taxable gain of $14,221.19. In his returns the taxpayer had stated a taxable gain of only $3,850.76 for which reason his net income was adjusted with the difference of $10,370.43, which gave rise to the deficiency tax imposed.

The taxpayer challenged the deficiency before the trial court under the assumption that he was entitled to avail himself of the tax benefit granted by § 44 of the Income Tax Act of 1954, 13 L.P.R.A. § 3044 (b) about installment sales, inasmuch as in the sale transaction the vendee had paid initially in cash an amount less than 30% of the selling price. The trial court, in accordance with the oral and documentary evidence, concluded otherwise and dismissed the complaint. We issued the writ for review to consider the judgment.

This is exclusively a question of fact. In the aforementioned deed of sale No. 18 the parties stated verbatim:

............"SECOND: And it having been agreed, 'The Vendors' convey by deed of sale and alienation in favor of 'The Vendee' the property described in the first paragraph of this deed, with all its belongings and everything constituting it, for the agreed upon and adjusted price of SIXTY–SIX THOUSAND FIVE HUNDRED AND TWENTY DOLLARS ($66,520) for the properties, it shall be understood the land, and TWO THOUSAND THREE HUNDRED AND FIFTY DOLLARS ($2,350) for the small house erected in Property 'D', and the price of which, that is, TWO THOUSAND THREE HUNDRED AND FIFTY DOLLARS ($2,350) is paid in the act of this execution, from the amount to be paid for the land, that is, SIXTY–SIX THOUSAND FIVE HUNDRED AND TWENTY DOLLARS ($66,520). 'The Vendee' withholds the amount of TWO THOUSAND FOUR HUNDRED AND TEN DOLLARS WITH FORTY–ONE CENTS ($2,410.41) amount with which 'The Vendee' binds himself to cancel contemporaneously the mortgage which encumbers the property 'A' in favor of The Federal Land Bank of Baltimore. And the balance, the amount of SIXTY–FOUR THOUSAND ONE HUNDRED AND NINE DOLLARS WITH FIFTY–NINE CENTS ($64,109.59) shall be distributed in the following manner:............1) EIGHTEEN THOUSAND

FIVE HUNDRED AND NINETY–ONE DOLLARS WITH SEVENTY–EIGHT CENTS ($18,591.78) that is, twenty-nine (29%) percent upon signing the Sale and Mortgage deed."..........

■ By the statements of the parties it is unquestionable that the sale transaction was a unitary one which comprised all the properties which made up a part of the aforementioned property of 76.5214 cuerdas, among them, the house located on said property. The deed expressly states that the described property is conveyed to the vendee *"with all its belongings and everything constituting it."* The house was included in the transaction and in the price. The fact that the value of $2,350 awarded to said house was paid initially in cash does not upset substantially the juristic act performed, since this referred to the modality of payment, in the same manner that there are in the deed other statements referring also to the modality or manner of payment of the rest of the property.

The evidence clearly supports the conclusion of the trial court to the effect that there was only one sale transaction which comprised the principal as well as the property affixed permanently to the land conveyed.

■ The vendee having paid in cash the total amount of $20,941.78, the same was in excess of 30% of the selling price, even though we made the computation in the most profitable manner for the taxpayer, that is, taking the totality of $68,870 as selling price without deducting the $2,410.41 which the vendee withheld to pay a mortgage which encumbered the property.

For the reasons stated, judgment will be rendered affirming the one rendered by the San Juan Part of the Superior Court.

Mr. Chief Justice Negrón Fernández and Mr. Justice Martínez Muñoz did not participate herein.